IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IILINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY JACKSON, ) | | |
| Plaintiff, ) | | |
| ) | | |
| -v- ) | No. 19 cv 1907 | |
| ) | Hon. Judge | |
| THOMAS DART as Sheriff Of ) | | |
| Cook County, COOK COUNTY ) | | |
| DEPARTMENT OF CORRECTIONS, ) | | |
| COOK COUNTY ILLINOIS, and ) | **JURY TRIAL DEMANDED** | |
| UNKNOWN DENTIST ) | | |
| Defendants. ) | | |

## COMPLAINT

PLAINTIFF Anthony Jackson alleges as follows:

### Jurisdiction

1. This is a civil action arising under 42 U.S.C. §1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1343.

### Parties

3. Plaintiff Anthony Jackson is a current inmate of Defendant Cook County Department of Corrections (CCDOC) and housed at the Cook County Jail facility located at 2700 South California Avenue, Chicago.

4. Defendant Thomas Dart is the duly elected Sheriff of Cook County. Under Illinois law, defendant Dart operates the CCDOC, specifically he administers the Cook County Jail. Plaintiff sues Dart in his official capacity.

5. Defendant CCDOC , which is the Cook County Jail, is one of the largest single-site jail facilities in the nation.

6. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for the health and well-being of inmates remanded to the Sheriff of Cook County and is a necessary party in this action, pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

7. Defendant Unknown Dentist is responsible for treating inmates at the CCDOC facility where Defendants Sheriff and CCDOC house Plaintiff. Plaintiff sues Unknown Dentist in his/her individual capacity.

## Defendant Sheriff Bars Plaintiff from Meeting with Counsel

8. Since January 15, 2015, Plaintiff has been housed continuously as an inmate at various units of the Cook County Jail.

9. Within the initial year of being an inmate, Plaintiff repeatedly complained to the jail administrators about his debilitating toothache stemming from an infected tooth that, on information and belief, required antibiotics.

10. Plaintiff orally and in writing requested proper dental treatment to rid the infection, save his tooth and alleviate the excruciating pain.

11. The jail administrators' stated their refusal to provide dental services. Instead, the jail administrators provided Plaintiff with pain medications that minimally reduced, but by no means eliminated, the pain and did nothing to save the affected tooth.

12. Plaintiff shared his plight with his attorney, attorney George Jackson III, and together they commenced marshaling evidence to draft a federal civil complaint in federal court.

13. Defendant Sheriff ordered his subordinates to prevent Plaintiff from meeting with his attorney, George Jackson III, who at the time served, and continues to serve, as Plaintiff's appellate counsel on appeals presently pending in Illinois Court of Appeals for the First District.

14. In May 2017, Plaintiff conferred in person with Attorney George Jackson in the holding cell connected to Courtroom 702 of the George N. Leighton Criminal Courthouse located in Chicago, which is the courtroom currently assigned to Judge James Linn.

15. Two courtroom deputy sheriffs (a man and a woman) entered the cell and halted all conversation between Plaintiff and his counsel. The woman deputy was aggressively caustic, threatening, belligerent, frightening, and tortious.

16. For his part, the male deputy, while professional, staunchly and repeatedly stated that Plaintiff's counsel, George Jackson III, would not be allowed to meet with Plaintiff in Court, in the courtroom lockup, or in the Cook County Jail under any circumstances, despite the that fact attorney George Jackson represents Plaintiff on pending appeals.

17. Plaintiff has tried on several occasions to reach attorney George Jackson by telephone but routinely the calls will not go through or the connection is disconnected. Plaintiff did not suffer these problems before May 2017.

18. Defendant Sheriff's bar directly violates Plaintiff's right to counsel as guaranteed by the Sixth Amendment to the United States Constitution and is otherwise illegal.

19. As a direct result of Defendant Sheriff's Unconstitutional and illegal bar to Plaintiff's right to representation, Plaintiff has been unable to meet with his attorney of record in order to prefect this Complaint.

20. Specifically, Plaintiff has not been able to provide counsel with the number of times and dates when he has requested dental assistance.

21. Indeed, counsel for Plaintiff has no idea of the status of Plaintiff's dental issue beyond knowing that for at least a year Defendants Sheriff and Cook County denied Plaintiff access to proper dental care as Plaintiff consistently complained to counsel.

22. Plaintiff's allegations regarding his dental issues in many respects mirror those in *Whitney v Khan*, 18 cv 4475, (Honorable Matthew Kennelly, Judge for the Northern District of Illinois), except Plaintiff's ills and sufferings are greater in that he has been denied service as opposed to receiving it belatedly as happened in the Whitney case.

23. Judge Kennelly recently certified the class in *Whitney v Khan*, 18 cv 4475.

24. Additionally, although CCDOC has assigned a booking number to Plaintiff and although Plaintiff obviously is housed in one of the ten or so Divisions of the Cook County Jail, the bar of Defendant Sheriff prevents counsel from confirming Plaintiff's booking number and Division location. Defendant Sheriff's inmate search website has proven inaccurate in times past.

### Dental Operations at the Jail

25. The RTU Dental Clinic began treating patients in approximately January 2017.

26. Since at least June 1, 2017 Cermak Policy E-07 assigned the RTU Dental Clinic responsibility for treating patients assigned to select locations within the jail.

27. At all times relevant, the policy at the CCDOC has been that a detainee who is seeking dental treatment for dental pain must complete a Health Service Request form (HSR form).

28. The nursing staff at the CCDOC is responsible for collecting HSR forms.

29. Policy at the CCDOC requires the nursing staff to either fax or scan a HSR form complaining of a toothache to the divisional dental clinic.

30. The policy of defendant Cook County and the dentist assigned to the RTU Dental Clinic is to delegate sole responsibility to the dental assistant in the RTU Dental Clinic to review the HSR forms and schedule appointments.

31. The official policy of defendant Cook County is that all inmates complaining of a toothache on a HSR form shall be seen by a dentist within 72 hours after receipt of the HSR form by the dental assistant in the RTU Dental Clinic.

### Plaintiff's Dental Turmoil

32. Since January 1, 2017, more than 500 inmates assigned treatment by the RTU Dental Clinic have submitted HSR forms complaining of a toothache.

33. Plaintiff is among those 500 inmates.

34. The RTU Dental Clinic's dental assistant(s) has failed to treat or even see hundreds of those 500 inmates within two weeks from the receipt of the HSR form.

35. Plaintiff is among those hundreds of inmates not seen or treated within two weeks.

36. Plaintiff was processed into the CCDOC on January 15, 2015.

37. Plaintiff began submitting HSR forms after entering the CCDOC complaining of significant dental pain resulting from one tooth, which because of insufficient treatment while at CCDOC became infected, and the soreness and infection spread to surrounding teeth.

38. Without meeting with Plaintiff's counsel, plaintiff cannot provide Counsel with the details of the HSR forms. Thus, Counsel cannot inform this Court of the details of Plaintiff's numerous requests for treatment and resulting complaints stemming from lack of adequate treatment. In some instances Plaintiff received no treatment at all.

39. Defendant Unknown Dentist at the CCDOC evaluated plaintiff. On information and belief (because Counsel cannot speak with Plaintiff to confirm), it was this dentist who informed Plaintiff that his infected and pain inducing tooth could be saved.

40. Defendant Unknown Dentist informed Plaintiff that the Dentist would not provide, and did not provide, the services needed to salvage the tooth.

41. On information and belief (because Counsel cannot speak with Plaintiff to confirm), Unknown Dentist informed Plaintiff that Plaintiff required specific dental services that were not available at the CCDOC.

## COUNT I
*Deliberate Indifference*
(Defendants Dart, Cook County, Cook County Department of Corrections & Unknown Dentist)

42. Since before May 2017, Plaintiff has made Defendants Dart, Unknown Dentist, Cook County, and CCDOC aware of his acute dental pain.

43. Each Defendant thus was aware or should have been aware of Plaintiff's acute dental pain.

44. For years, it has been common knowledge among administrators at the CCDOC that medical care for serious dental pain was inadequate because of delays in scheduling prisoners for dental care.

45. On September 10, 2013, Dr. Jorelle Alexander, the Cook County Director of Oral Health, sent an email to the Jail's chief dentist and wrote under the heading "*Scheduling*," that the "[c]urrent process is inefficient" and that "[r]eturn appointments as well as grievances, HSRF are not being scheduled appropriately."

46. Defendants Dart, CCDOC, and Cook County well knew and should have known that over the past years inmates like Plaintiff complaining of toothaches were not and are not seen within 72 hours after the dental clinic receives the HSR form.

47. Defendants also know and should have known that the Cook County Jail dental program was and is not sufficiently staffed with dentists in order to timely treat patients complaining of dental pain.

48. Moreover, Defendants know the policy to delegate scheduling responsibility to the dental assistant to schedule inmates complaining of dental pain causes inmates to be delayed treatment for no medical reason.

49. Dental assistants at the CCDOC are unable to diagnose and assess the severity of dental pain.

50. Defendants Dart, CCDOC, and Cook County have not taken any reasonable measures to correct this policy that has caused inmates, like Plaintiff, to unnecessarily suffer gratuitous acute dental pain.

51. Since at least May 2017, each Defendant has had the ability to schedule and evaluate and cause to be scheduled and evaluated Plaintiff and other inmates housed in Cook County Jail on an expedited basis who submitted HSR forms complaining of acute dental pain.

52. Each Defendant failed to do so and failed to cause such timely treatment and evaluation.

53. Each Defendant failed to take reasonable measures to ensure that Plaintiff and other Cook County Jail inmates who formally complained of acute and significant dental pain were scheduled and evaluated within a reasonable time.

54. Each Defendant knew that Plaintiff and other Cook County Jail inmates would experience avoidable pain and suffering until treated.

55. Each Defendant was deliberately indifferent to Plaintiff's rights secured under the Fourteenth Amendment to the United States Constitution and caused him to experience unnecessary and gratuitous dental pain.

56. Plaintiff demands trial by jury.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court grant appropriate compensatory damages in excess of one hundred thousand dollars against each Defendant along with punitive damages against Defendant Dart and Defendant Unknown Dentist, and that the costs of this action, including attorney's fees, be taxed against defendant Cook County.

By:    s/George Jackson III
       Attorney for Anthony Jackson

George Jackson III
*DRED SCOTT LLP*
Suite 990
55 West Monroe Street
Chicago, Il. 60603-5001
(312) 833-0896 Office
gjackson@DredScottLLP.com